IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS KREMPEL, A/N/F O.D.K., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-01071-O-BP |
| | § | |
| HURST-EULESS-BEDFORD | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Thomas Krempel, purporting to act pro se as next friend for his minor child, O.D.K., initiated this action on September 19, 2024, in the 67th District Court of Tarrant County, Texas. ECF No. 1. On November 1, 2024, Defendant, Hurst-Euless-Bedford Independent School District ("the ISD"), removed the case from state court because Krempel's single claim alleged a violation of federal law, 42 U.S.C. § 2000d. *Id.* On December 5, 2024, United States District Judge Reed O'Connor referred the case to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Special Order No. 3. ECF No. 15. Because it does not appear that Krempel is able to represent his child *pro se* under 28 U.S.C. § 1654, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** the case **without prejudice**.

I.    BACKGROUND

The ISD removed this case from state court because Krempel made a claim as next friend of his minor child for an alleged violation of federal law. In his state court petition, Krempel alleged that the ISD violated 42 U.S.C. § 2000d. ECF No. 1-5 at 1. Krempel claimed that the ISD discriminated against his child based on race. ECF No. 1-5 at 7. On January 17, 2025, the Court

ordered the parties to file amended pleadings in compliance with the pleading requirements of

Federal Rule of Civil Procedure 8(a), as explained and clarified by the Supreme Court in *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and

the Local Civil Rules. *See* ECF No. 17. In the First Amended Complaint ("FAC"), Krempel

reiterated his federal claims. *See* ECF No. 25. Because Krempel is *pro se* and attempts to assert

claims as next friend for his child, the Court ordered him to file a response that demonstrates that

he is able to sue the defendant. ECF No. 32. In response, Krempel indicated that "[t]he Plaintiff is

unable to provide the court with the requested citations of authorities to convince the court that

Plaintiff has a legal right to represent his own daughter in federal court." ECF No. 33 at 2.

## II.    LEGAL STANDARDS

"In all courts of the United States the parties may plead and conduct their own cases

personally or by counsel." 28 U.S.C. § 1654. However, a party "cannot be represented by a

nonlawyer," because § 1654 "does not include the phrase, 'or by a nonlawyer.'" *Raskin ex rel. JD*

*v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (quoting *Gonzales v. Wyatt*, 157 F.3d

1016, 1021 (5th Cir. 1998); *see also McPhail v. United States*, No. 5:22-cv-253-H-BQ, 2022 WL

20510185, at *4 (N.D. Tex. Dec. 29, 2022) ("[T]o proceed '*pro se* means to appear for one's self,'

and therefore 'a person may not appear on another person's behalf in the other's cause.'" (quoting

*Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)), *rec. adopted*, 2023 WL 5216501 (N.D.

Tex. Aug. 14, 2023).

However,

the right to proceed *pro se* under § 1654 is not limited to cases where the *pro se*
party is a named plaintiff. The statute provides for *pro se* representation in any case
that is a party's "own." This language is rooted in the Judiciary Act of 1789, which
said that "parties may plead and manage their own causes personally or by the
assistance of counsel." At the Founding, "own" meant "belonging to" oneself, and

it means the same thing today. Accordingly, for a person to invoke § 1654, the only requirement is that the case he seeks to prosecute must belong to him.

*Raskin*, 69 F.4th at 283 (cleaned up); *accord Iannaccone*, 142 F.3d at 558.

"[A] party cannot represent h[is] child unless the child's case is the parent's 'own.' *Santos v. Rhodes*, No. 3:23-cv-2366-S-BN, 2024 WL 4858585, at *1 (N.D. Tex. Nov. 20, 2024) (internal citations omitted). And a "parent seeking to represent a child bears the burden of showing that federal or state law authorizes h[im] to do so." *Id*. (footnote omitted). That is because, "[w]ithout some federal or state law designating [the child's] claims as belonging to [the parent], the traditionally recognized 'common-law backdrop' applies, which is that non-attorneys cannot litigate the interests of others under 28 U.S.C. § 1654." *Id*. (footnote omitted).

Where a parent plaintiff does not "establish that under § 1654, federal or state law authorizes h[im] to proceed *pro se* on behalf of h[is] children," *Raskin*, 69 F.4th at 287, courts have dismissed without prejudice the claims of the minor plaintiff. *See, e.g., Davis v. Logan*, No. 4:24-cv-15-O-BP, 2024 WL 4627646, at *7 (N.D. Tex. Oct. 7, 2024), *rec. adopted*, 2024 WL 4626085 (N.D. Tex. Oct. 30, 2024); *see also Clark v. City of Pasadena*, No. 4:23-cv-04050, 2024 WL 4354819, at *4 (S.D. Tex. Sept. 30, 2024) (dismissing under Federal Rule of Civil Procedure 12(b)(1) because the plaintiff "did not establish that 'federal or state law authorizes him to proceed *pro se* on behalf of his children.' ").

## III.    ANALYSIS

Before proceeding to the merits of this case, the Court must address whether Krempel may proceed *pro se* as to the claims of his minor child. Krempel alleges violations of federal law as next friend for his minor child, O.D.K. ECF No. 25 at 9. However, he pleads no facts to show that he is a lawyer, nor has he "affirmatively and distinctly" alleged under § 1654 facts or authority to show that he is able to represent his daughter in federal court for these claims in response to the

3

Court's order directing him to provide this authority. *Raskin,* 69 F.4th at 287. Consequently, he has not met his "burden of showing that federal or state law authorizes" him to proceed on behalf of his minor child. *Santos*, 2024 WL 4858585, at *1. Accordingly, Judge O'Connor should dismiss the claims that Krempel brings as next friend of his minor child or that Krempel asserts directly as the child's representative because he cannot proceed *pro se* in this case on behalf of anyone other than himself.

## IV. CONCLUSION

Under these circumstances, Krempel has failed to establish that he is able to proceed *pro se* on behalf of his minor child under 28 U.S.C. § 1654. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on May 28, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE